IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRETT A. SINKEVITCH**,

    Petitioner,

v.

**BRAD CAIN, Superintendent, Snake River Correctional Institution**,

    Respondent.

Case No. 2:20-cv-1772-JR

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation (F&R) in this case on October 12, 2023. Judge Russo recommended that this Court deny Petitioner's Amended Petition for Writ of Habeas Corpus, and that the Court enter a judgment dismissing this action and denying a certificate of appealability.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an Objection (ECF 66), to which Respondent filed a Response (ECF 67). Petitioner objects to the F&R on two grounds. First, Petitioner objects to Judge Russo's conclusion that the State presented sufficient evidence to support Petitioner's convictions on Counts 1, 2, 3, 4, 6, and 7.[1] Second, Petitioner objects to Judge Russo's

---

[1] Specifically, Petitioner objects to the following conclusions: (a) for Counts 1 and 3, that the State presented sufficient evidence of substantial pain or physical impairment to support the trial court's finding Petitioner guilty of fourth-degree assault (Count 1) and felony fourth-degree assault (Count 3); (b) for Count 2, that a rational trial of fact could have found beyond a reasonable doubt that Petitioner caused substantial pain by shooting Daniel in the rear end with a BB; (c) for Counts 6 and 7, that a rational trier of fact could have found beyond a reasonable doubt that Petitioner caused substantial pain by shooting S.A.'s thigh/glute area with a BB; and (d) for Count 4, that the State presented sufficient evidence to support Petitioner's conviction for coercion.

conclusion that trial counsel's decision not explicitly to move for acquittal on Count 4 did not constitute ineffective assistance of counsel.[2]

Regarding the sufficiency of evidence supporting Counts 1, 2, 3, 6, and 7, and Petitioner's claim of ineffective assistance of counsel, Petitioner's arguments in his Objection are materially identical to (and often repeat verbatim) the arguments in Petitioner's Brief in Support of Petition for Writ of Habeas. Similarly, regarding Count 4, Petitioner objects in part by incorporating by reference his earlier arguments. Objections that merely restate previously presented arguments, however, are improper. *See, e.g.*, *El Papel LLC v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Eagleman v. Shinn*, 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the [Report and Recommendation], are not sufficient under Fed. R. Civ. P. 72."); *see also* Fed. R. Civ. P. 72(b)(3) (directing the court to "determine de novo any part of the magistrate judge's disposition that has been *properly* objected to" (emphasis added)). Thus, those portions of the F&R are more properly considered as without objection. *See Mont. Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) ("There is no benefit if the district court is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In

---

[2] Petitioner also asserts that the Court "should not adopt the finding—in the [F&R]—that GROUND TWO be denied as 'procedurally defaulted.'" Judge Russo did not, however, make such a finding. Although Judge Russo found that the claim of ineffective assistance of counsel based on a trial counsel's alleged *failure to investigate* was procedurally defaulted, she did not find that the claim of ineffective assistance of counsel based on trial counsel's *failure to move for judgment of acquittal* was procedurally defaulted. *See* ECF 62 at 16-19.

PAGE 3 – ORDER

such situations, this Court follows other courts that have overruled the objections without analysis." (cleaned up)). The Court finds no clear error and adopts Judge Russo's F&R with respect to these issues.

The Court also finds none of Petitioner's objections (whether properly lodged or not) persuasive upon a *de novo* review. The Court agrees with and adopts Judge Russo's analysis and conclusion that, under the applicable standard of review, the State presented sufficient evidence to support Petitioner's convictions on Counts 1, 2, 3, 4, 6, and 7. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (explaining that a habeas claims based on a challenge to the sufficiency of the evidence "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference"). The Court also agrees with and adopts Judge Russo's analysis and conclusion that, under the applicable standard of review, the postconviction court's rejection of Petitioner's ineffective assistance claim was not "objectively unreasonable," *Williams v. Taylor*, 529 U.S. 362, 409 (2000), *i.e.*, "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see also id.* at 102 (explaining that 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "preserves authority to issue the writ [of habeas corpus] in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents," and "goes no further").

For the remaining portion of Judge Russo's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court agrees with Judge Russo's recommendation that because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court should not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c). "A 'substantial showing' includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sassounian v. Roe*, 230 F.3d 1097, 1101 (9th Cir. 2000) (cleaned up). The Court agrees that Petitioner has not met that standard.

The Court ADOPTS Judge Russo's Findings and Recommendation (ECF 62). The Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 31). The Court declines to issue Certificate of Appealability because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 26th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge